NATIONAL FACTORS, INC., and the Douglas Corporation,

v.

The UNITED STATES.

No. 93–63.

United States Court of Claims.

March 20, 1974.

Carlyle C. Ring, Jr., Washington, D. C., for plaintiff. James R. Worsley, Jr., Washington, D. C., atty. of record.

Thomas E. Thomason, Washington, D. C., with whom was Acting Asst. Atty. Gen. Irving Jaffe, for defendant.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges.

## ON PLAINTIFF'S REQUEST FOR REVIEW OF THE TRIAL JUDGE'S ORDER

PER CURIAM:

In this case the Philadelphia Quartermaster Depot awarded two contracts to the Douglas Corporation, now insolvent and whose claims have been assigned to plaintiff, National Factors, Inc., who financed its activities, for the manufacture of shirts (dated January 31, 1955, and March 17, 1955) from government-

furnished cloth, and a contract dated February 1, 1955, for the manufacture of trousers from government-furnished cloth. On May 13, 1955, Douglas was awarded two contracts for the manufacture of ponchos and on June 30, 1955, it was awarded two more contracts for additional ponchos. Because of financial difficulties of Douglas caused by defective material furnished by the government under the trousers contract (as found by the Armed Services Board of Contract Appeals), it was terminated for the convenience of the government on September 6, 1955. At that time, due to such financial difficulties, work had not started on the shirt contracts. On December 15, 1955, the second shirt contract was terminated for default.

The first shirt contract was terminated for default on June 7, 1956. The four poncho contracts were terminated for the convenience of the government on March 25, 1957. Douglas appealed the settlement decision on the termination of the four poncho contracts to the Armed Services Board of Contract Appeals (Board) which finally, on February 19, 1970, awarded Douglas the sum of $282,430.30 plus interest expense of $109,295.26, all in the total sum of $391,725.56, which amount has been accepted by both Douglas and the Government with respect to costs allowable under the contract.

On March 22, 1963, while administrative proceedings were pending, Douglas filed this suit for damages for breach of contract of the four poncho contracts. The central issue and main thrust of the suit is that the government was guilty of bad faith in terminating the poncho contracts as shown by the actions of the contracting officer and other agents of the same agency for which he worked in awarding, administering, handling, and terminating not only the poncho contracts, but also the shirt and trousers contracts. The plaintiff alleges that the Board made many findings that show such bad faith as to all of the contracts not only during their existence, but also after they were terminated. These findings will not be described in detail in this opinion.

In the face of these allegations by plaintiff, the defendant filed a motion for summary judgment on October 14, 1970. In answer to this motion, the plaintiff fully pleaded and briefed the question of bad faith as being the main question in its breach of contract suit. The defendant responded with pleadings and a brief in which it argued that the poncho contracts were terminated for the convenience of the government and that the government had the right to terminate them for any reason whatsoever. The plaintiff contended that if the termination was due to bad faith, the government was liable for breach of contract damages. After oral argument by the parties, the court denied defendant's motion for summary judgment, stating:

> * * * [I]t is concluded that this case involves genuine issues of fact which cannot be resolved on a motion for summary judgment * * * and the case is remanded to the trial commissioner for trial.

Thereafter, on September 12, 1971, the trial commissioner entered an order denying plaintiff's request for admission into evidence the administrative decisions and records relating to the dispute properly before the Board under the termination clauses of the poncho contracts on which the breach claims are asserted in this court, except for the limited purpose of showing the history of the case. The plaintiff appealed on September 24, 1971, from this order of the trial commissioner. The court granted plaintiff's request for review on November 29, 1971, stating:

> * * * [I]t is concluded that factual findings, ultimate or subsidiary, of the Armed Services Board of Contract Appeals relevant both to the issues properly before the Board "under the contract" and to the issues in the proceedings in this court are binding

upon the defendant (except to the extent the defendant can properly defeat them as unsupported by substantial evidence). See United States v. Utah Constr. & Mining Co., 384 U.S. 394, 419–422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), and Air-A-Plane Corp. v. United States, 187 Ct.Cl. 269, 281–282, 408 F.2d 1030, 1036–1037 (1969), and

* * * [T]he matter is returned to the trial commissioner for further appropriate proceedings in accordance herewith.

Notwithstanding the foregoing orders of the court, which no doubt were misinterpreted by the trial judge (formerly trial commissioner), a pretrial order regarding finality of administrative findings (Rule 113) was entered by the trial judge on October 15, 1973. That order ruled out the admission into evidence of findings of the Board relative to the shirt and trousers contracts and all conduct of the employees of the government with reference thereto showing bad faith, and also all findings showing or indicating bad faith of such employees in connection with the poncho contracts. The order stated that such evidence and findings were not relevant to the issues before the Board. The order further provided that the only contracts before the Board were the poncho contracts and that they were terminated by the defendant for its own convenience, which it had a right to do for any reason that seemed appropriate to it.

The plaintiff has requested review of the pretrial order of the trial judge, saying that the heart of its suit for breach of contract of the poncho contracts in this case is the bad faith of the employees of the government that caused their termination and resulting damage to the plaintiff, and that it should be allowed to show such relevant bad faith by introducing into evidence the findings of the Board not only with respect to the poncho contracts but also in connection with the shirt and trousers contracts, both before and after termination. The plaintiff also contends that such findings should be final and binding on the defendant.

■■■ We have concluded after oral argument that the plaintiff's request for review should be and the same is hereby granted. The case is returned to the trial judge with instructions to allow plaintiff to introduce into evidence all findings of the Board that show or tend to prove either directly, indirectly, or circumstantially, bad faith on the part of the same contracting officer or officers or other employees of the same government agency in their handling, administering, and terminating the shirt and trousers contracts and the poncho contracts at any time during their existence and also acts of such government employees occurring after the termination of the poncho contracts. Such findings shall be final and binding on the defendant unless it can show they are not supported by substantial evidence. The plaintiff may also introduce other available evidence, if any exists, of bad faith on the part of such government employees, in addition to the findings, if any, of the Board in this regard. We have concluded further that inasmuch as the main issue in plaintiff's breach of contract suit before us is the alleged bad faith of the government and its employees, the findings of the Board and other evidence bearing on this issue are relevant and may be introduced into the record at the trial of this case by the plaintiff, notwithstanding the fact that the contracts contained a termination for convenience clause in favor of the government. The termination of a contract for the convenience of the government is valid only in the absence of bad faith or a clear abuse of discretion. See Commercial Cable Co. v. United States, 170 Ct.Cl. 813, 821 (1965) and John Reiner & Co. v. United States, 163 Ct.Cl. 381, 390, 325 F.2d 438, 442 (1963), cert. denied, 377 U.S. 931, 84 S.Ct. 1332, 12 L.Ed.2d 295 (1964). In the instant case, the plaintiff is entitled to introduce evidence showing bad faith or a

clear abuse of discretion in connection with the termination of the poncho contracts, in accordance with this opinion, if it is able to do so.

The case is returned to the trial judge for trial pursuant to this opinion.