VIBRA–TECH ENGINEERS,
INC., Plaintiff,

v.

UNITED STATES of America, United States Department of Interior, United States Bureau of Mines, and R.J. Simonich, Defendants.

Civ. A. No. 83–C–186.

United States District Court,
D. Colorado.

July 28, 1983.

Dennis J. Riley, Spriggs, Bode & Hollingsworth, Washington, D.C., George W. Mueller, Jr., Randall C. Schoonover, Burns, Wall, Smith & Mueller, Denver, Colo., for plaintiff.

John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendants.

MEMORANDUM OPINION:

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER

CARRIGAN, District Judge.

This is a federal procurements dispute. Plaintiff, Vibra-Tech Engineers, Inc. (Vibra-Tech), seeks declaratory and injunctive relief to prevent STS Consultants, Ltd. (STS) from performing a contract originally awarded to Vibra-Tech, and to reinstate the contract rights of Vibra-Tech. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1361.

Plaintiff filed this action on February 4, 1983, and moved for a temporary restraining order. I entered a stipulated preliminary injunction that day, ordering the government to cease incurring costs under the contract awarded to STS. On June 24, 1983, I heard testimony and received evidence on the plaintiff's application for a permanent injunction and declaratory relief. This memorandum constitutes my findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).

## I. GENERAL BACKGROUND.

The government sought information on the extent to which different geological factors transmit vibrations from surface mine blasting. On May 12, 1982, the government issued a "request for proposal." This request set forth the desired study and the criteria for evaluating the competing proposals. Several companies, including Vibra-Tech and STS, submitted proposals.

A technical evaluation committee examined the proposed studies. This committee eliminated several bids from consideration and reviewed the remaining proposals with the bidders. Vibra-Tech was told that its proposal was sound and was encouraged not to change its study. Members of the committee conferred with STS on several occasions and helped STS modify its proposal to satisfy the criteria set out in the request for bids.

On August 26, 1982, Vibra-Tech and STS submitted their final proposals. Based on a possible maximum score of 1000, the committee awarded Vibra-Tech a score of 856 and STS a score of 700. Despite STS's lower score, the committee determined that the two scores were "technically equivalent." Based on this finding of technical equivalence, the committee recommended awarding the contract to STS because its proposal carried a lower price tag.

The contracting officer, the review board, and the Regional Solicitor then reviewed the committee's recommendation. The contracting officer rejected the recommendation on September 30, 1982, and awarded Vibra-Tech the contract. The contracting officer then prepared a report, finding "no rational basis existing for making a determination that the proposals were technically equal thereby making price a tie breaker." [1]

On January 13, 1983, the contract awarded to Vibra-Tech suddenly was "terminated for convenience." The government then awarded STS the contract. The award to STS subsequently was affirmed by the General Accounting Office. Vibra-Tech sued, claiming that the termination was arbitrary and capricious.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW.

■  The doctrine of termination for convenience enables the government, under certain circumstances, to terminate a contract that no longer is in the government's best interest. *See, e.g., United States v. Corliss Steam-Engine Co.,* 91 U.S. 321, 23 L.Ed. 397 (1876). The courts, however, consistently have recognized limitations on the government's right to invoke this extraordinary doctrine.

"[T]he government may not use the standard termination for convenience clause to dishonor, with impunity, its contractual obligations. . . . We cannot condone termination based on knowledge of a lower cost when that knowledge preceded award of the contract." *Torncello v. United States,* 681 F.2d 756, 772 (Ct.Cl.1982); *National Factors, Inc. v. United States,* 492 F.2d 1383 (Ct.Cl.1974); *Henry Spen & Co, Inc. v. Laird,* 354 F.Supp. 586, 588 (D.D.C.1973).

■  The issue here is whether the government's decision to terminate Vibra-Tech's contract was arbitrary and capricious. *Cf. Henry Spen,* 354 F.Supp. at 586.

The government's "request for proposal" listed five criteria for evaluating proposals or bids. The request also stated that "cost may be the deciding factor *when proposals are ranked technically equal.* Since the technical criteria are considered of greater importance, the Government reserves the right to award a contract to other than the low offeror." (emphasis added).

Vibra-Tech received a score of 865, 24% higher than STS's 700 score. Members of the evaluation committee found Vibra-Tech's proposal to be an "outstanding proposal—knowledge of subject excellent," (committee member D'Andrea); and found that it was "hard to find a weak spot in this proposal." (committee member R. Dick). Committee members did not endorse STS's proposal with equally glowing remarks.

The contracting officer reviewed the evaluation scores and comments of the committee members. He found that "the Vibra-Tech proposal had been properly evaluated and had received its superior technical score based on a proper evaluation, considering the evaluation criteria of the RFP [request for proposal]." [2] He concluded that because the proposals were not technically equivalent, cost should not be considered and Vibra-Tech should be awarded the contract.

I find and conclude that the proposals submitted by Vibra-Tech and STS clearly are not technically equivalent, and there is no substantial evidence which could support a determination that they are technically equivalent. I find that there was no change in the proposals between the time the government awarded the contract to Vibra-Tech and the time it terminated Vibra-Tech's contract. Vibra-Tech's higher score accurately reflects the superiority of its proposal. Since the competing packages being offered to the government were not of comparable price, cost or value, the government's own rules forbade its use of relative cost as a factor in choosing the successful proposal.

---

1.  (R.J. Simonich's December 3, 1982 report.)

2.  (R.J. Simonich's December 3, 1982, report).

I find and conclude, therefore, that the government's decision to terminate Vibra-Tech's contract was arbitrary and capricious.

### III. REMEDY.

 Plaintiff seeks declaratory and injunctive relief to terminate STS's contract and reinstate Vibra-Tech's contract. Defendants have argued that the plaintiff has an exclusive and adequate remedy at law—damages for termination or breach of contract—thus, the equitable remedy of an injunction cannot be granted.

Defendants first contend that the Contract Disputes Act provides the plaintiff an exclusive remedy at law. *See* 41 U.S.C. § 601 *et seq.* Nothing in this Act, however, states that it is the exclusive remedy available to a party whose contract has been terminated wrongfully and arbitrarily by the government. Further, even after enactment of the Contract Disputes Act, courts determining federal contract disputes have continued to award equitable relief. *See, e.g., Aero Corp. v. Department of the Navy,* 540 F.Supp. 180, 214 (D.D.C. 1982); *Collins & Co., General Contractors v. Claytor,* 476 F.Supp. 407, 410 (N.D.Ga.1979); *see also Gould, Inc. v. Chafee,* 450 F.2d 667 (D.C.Cir.1971).

Second, the defendants have argued that the plaintiff has an adequate remedy at law. An award of damages, however, would compensate the plaintiff only for a small percentage of its anticipated profit. Additionally, if Vibra-Tech had been allowed to complete the contract it would have increased its knowledge and expertise in state-of-the-art vibration transmission and abatement. Lastly, Vibra-Tech's performance of the contract would have increased Vibra-Tech's prestige in the scientific and business community, thus enhancing its ability to obtain future contracts. On the other hand, the abrupt, arbitrary and unexplained termination of its contract in mid-stream by a prestigious client such as the federal government certainly damages Vibra-Tech's business reputation in a manner and to an extent not precisely measurable in money damages. For these reasons, I find and conclude that Vibra-Tech has no adequate remedy at law and declaratory and injunctive relief are appropriate.

Accordingly,

IT IS ORDERED that the defendants shall terminate the contract awarded to STS Consultants, Ltd. and reinstate the contract as originally awarded to Vibra-Tech. Plaintiff is entitled to recover its costs from the defendants, and the plaintiff may file its bill of costs on or before August 19, 1983. Defendants may file any objections they may have on or before August 30, 1982. Plaintiff's other claims for relief are denied.