37747. MARK SMITH CONSTRUCTION COMPANY, INC. v. FULTON COUNTY et al.

WELTNER, Justice.

Mark Smith Construction Company, Inc., petitioner (Smith Company) brought this action in Fulton Superior Court when its bid to construct the Fulton Industrial Fire Station was rejected by the Fulton County Board of Commissioners, defendant (the County), on the recommendation of the architect. Smith Company sought a temporary restraining order to enjoin the county from contracting with others for construction of the station, and a writ of mandamus compelling the Fulton County Board of Commissioners to give Smith Company a hearing on the matter of its responsibility to contract for construction of the station.

The trial court entered the following findings of fact:

"1. Defendant advertised for bids for the construction of the Fulton Industrial Fire Station project (hereinafter the 'Station') pursuant to the requirements of Code Ann. § 23-1702. (text below)

"2. Petitioner and others submitted bids for the construction of the Station.

"3. The base bid of the petitioner was the lowest submitted to the defendant for the construction of the Station.

"4. After bids were opened, Herbert C. Millkey, Jr., architect for the Station, contacted references listed by the petitioner on its contractor's qualification statement and received strongly unfavorable reports from said references.

"5. Based upon his investigation, Millkey notified the defendant that he could not recommend the petitioner as a general contractor for the Station. . . .

"8. Based upon the recommendation of its architect and the history of performance of the petitioner and a company with whom an officer of the petitioner was previously associated, the defendant decided that it would not enter a contract with the petitioner for construction of the Station and that it would enter a contract with another bidder."

Thereafter, the trial court concluded that the execution of a contract between the county and another bidder would not violate Code Ann. § 23-1702, the applicable statute governing the requirements for bidding contracts for public works by a county; that Smith Company has an adequate remedy at law; and that the county was not required to conduct a hearing in connection with its decision to award the contract to another bidder.

1. Ordinarily, the denial of a temporary restraining order is not an appealable judgment. *Shelton v. Peppers,* 237 Ga. 101 (227 SE2d 29) (1976); *George v. George,* 231 Ga. 296 (201 SE2d 418) (1973). In this case, however, Smith Company also demanded interlocutory and permanent injunctive relief, a full hearing was conducted with both sides participating, and the trial court found as a conclusion of law that Smith Company had an adequate remedy at law and no injunction should issue against the county. The trial court ruled against Smith Company as to the writ of mandamus, and found that the execution of a contract with another bidder would not violate Code Ann. § 23-1702. Under these circumstances, the ruling of the trial court is equivalent to an order refusing an application for interlocutory or final injunction, properly appealable under Code Ann. § 6-701 (a) (3). 42 AmJur2d § 347, p. 1152; see *Swinson v. City of Dublin,* 178 Ga. 323 (173 SE 93) (1934).

2. Smith Company enumerates as error the refusal of the trial court to enjoin the county from contracting with others for construction of the station. The discretion of the trial court in granting or denying interlocutory injunctive relief will not be interfered with in the absence of a showing of manifest abuse. *Pennsylvania Poorboy, Inc. v. Robbins Restaurant,* 238 Ga. 539 (233 SE2d 791) (1977). In view of the availability of an adequate remedy at law (money damages) and the hardship which a delay in construction of the fire station would impose on the general public, we cannot say that the trial court abused its discretion in this case. See *Hilton Const. Co. v. Rockdale County Bd. of Ed.,* 245 Ga. 533 (5) (266 SE2d 157) (1980), where the same issue (injunctive relief versus money damages) was left to the determination of the trial court on remand.

Smith Company does not enumerate as error the conclusion of the trial court that the execution of a contract between the county and another bidder would not violate Code Ann. § 23-1702,[1] but we point out that this case is distinguishable from *Hilton Const. Co.,* supra, where the board rejected the lowest bid without any investigation into the qualifications of the low bidder.

---

[1] Code Ann. § 23-1702: "Mode of contracting in certain cases. Whenever it becomes necessary to build or repair any . . . public works in any county, the officer having

3. Even if Smith Company was entitled to a hearing in this case before the awarding of the contract to the second bidder, a writ of mandamus will not lie to compel it where the contract has already been awarded to another. *Hilton Const. Co.*, supra, 245 Ga. 533 (4).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 6, 1982.

*Mark A. Smith III,* for appellant.

*Webb, Young, Daniel & Murphy, Harold T. Daniel, Jr.,* for appellees.

---

charge of the roads and revenues and public buildings of such county shall cause the same to be built or repaired by letting out the contract therefor to the lowest bidder, at public outcry, before the courthouse door, after having advertised the letting of said contracts as hereinafter provided: Provided, that such county authorities shall have authority to reject any and all bids at such public letting. . . ."