43141. GLYNN COUNTY, GEORGIA et al. v. TEAL et al.
(345 SE2d 347)

HUNT, Justice.

The trial court set aside the contract between Glynn County and Richard Parker, Jr., to build and lease a miniature golf course in Neptune Park at the pier on St. Simons Island. The commissioners appeal.

In December 1984, plaintiff/appellee Michael Teal wrote a letter to the St. Simons Island Chamber of Commerce offering to replace and reopen the miniature golf course on St. Simons, which prompted the county commissioners to pursue such a plan. Basic to the Teals' offer was that the location of the new course remain on the same grounds as the old abandoned course. Plaintiffs were advised by the county administrator that such construction could not proceed without compliance with the notice and bidding requirements relating to a public works project under OCGA § 36-10-1 et seq. On February 25, 1985, such a proposal was drafted and advertised in accordance with these provisions. However, in the request for bids, the location of the golf course to be constructed was not that which was suggested by the Teals but was a new site which was at that time a parking lot between the old and new casinos, located nearby. After several conversations

with county officials extending into April 1985, which confirmed the fact of the new location, the Teals concluded that the venture would be unprofitable, and they declined to bid.

The written request for a proposal was amended by the county commissioners on March 13, 1985, to alter the size of the golf course and to advise that removal of existing pavement on the parking lot might not be necessary but the site remained the same. The deadline for the bids was extended from March 19 to March 27, 1985, but the Teals again declined to bid because of the location stated in the request for proposal.

Two bids were received and that of Richard Parker, Jr., was accepted at a meeting of the commissioners on April 16, 1985. At that meeting, the site was changed to that of the old golf course, the exact location on which the Teals had wanted to build. (The record does not reveal why the change was made or whether it was made at Parker's request.) The request for proposal was not amended nor the bidding reopened. On May 16 a contract was executed between the county and Parker to construct an 18-hole course at the old site within 30 days. After construction, by the terms of the contract, title to the improvements would accrue to Glynn County, and Parker would have a lease with options to renew for up to 20 years in exchange for rent of $450/month plus 10% of any profits over $45,000/year.

Soon after Parker commenced construction, the plaintiffs filed this action for an injunction and to set aside the contract. Following a hearing on June 21, 1985, the trial court, based on the foregoing facts, concluded that the Neptune Park facility was a public work and that repairs and improvements to it were controlled by OCGA Ch. 36-10, with which the county did not comply, and declared the contract void and enjoined the operation of the course.

The county and Parker argue that the lease agreement with Parker is not a public works contract, and that consequently the requirements of the applicable public works statutes need not have been met.[1] They seek to distinguish this project from the building of, or repairs to, courthouses, jails and bridges. The statute, however, very plainly provides "[w]henever it becomes necessary to build or repair any courthouse, jail, bridge, causeway, or *other public works* in any county . . ." the county must advertise and let the bids at public outcry to the lowest bidder. OCGA § 36-10-2. (Emphasis supplied.) It further provides that "[i]f, in their discretion, the public interest and

---

[1] Needless to say, having undertaken to let the project under these statutes and having prevented interested parties from submitting bids because of the conditions announced therein, the county cannot now rely on the argument that the project is not after all a public works project.

economy require it, the county authorities may build or repair any public buildings, bridges, causeways, or *other public property* in the county by contract or sealed proposals . . ." subject to the same advertising rules. Id. It is also clear that the investment involved here is not insubstantial or de minimus.

Under these facts, the trial court's conclusion that the construction of this miniature golf course is a public works contract is not error. Therefore, the county was obligated to comply with the notice provisions of OCGA § 36-10-3 and the judgment setting aside the contract was proper. Compare *Hilton Constr. Co. v. Rockdale County Bd. of Education,* 245 Ga. 533 (1) (266 SE2d 157) (1980). *Mark Smith Constr. Co., v. Fulton County,* 248 Ga. 694 (285 SE2d 692) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1986.

*Lee & MacMillan, Thomas J. Lee, Richard L. Parker,* for appellants.

*George M. Rountree,* for appellees.