**S & W MECHANICAL COMPANY, INC., Plaintiff,**

v.

**CITY OF HOMERVILLE, et al., Defendants.**

**Civ. A. No. 86–104–VAL (WDO).**

United States District Court, M.D. Georgia, Valdosta Division.

March 23, 1988.

Glenn Whitley, Tifton, Ga., for plaintiff.

Charles R. Reddick, Homerville, Ga., Charles Ratz, Atlanta, Ga., for defendants.

*ORDER*

OWENS, Chief Judge.

The parties have submitted to this court a pretrial motion to determine the appropriate measure of damages in a "frustrated bidder" case. S & W Mechanical Company,

Inc. ("S & W"), is a Tennessee corporation engaged in the construction business. S & W allegedly submitted the low bid on water system improvements for the City of Homerville, Georgia. The defendants include the City of Homerville, certain city officials, an engineering firm and one of its employees, and Douglas Electrical & Plumbing Company of Douglas, Georgia ("Douglas"), the organization which ultimately was awarded the contract. Considering that all of the above defendants are residents of Georgia, that plaintiff is a resident of Tennessee, and that the amount in controversy exceeds $10,000.00, this court has jurisdiction over this action based upon diversity of citizenship. *See* 28 U.S.C. § 1332.

Representatives of the City of Homerville opened the solicited bids for the water system improvements on the morning of September 4, 1986. Plaintiff alleges that on that afternoon defendant Harry Hughes of defendant engineering firm Mayes, Sudderth and Etheredge, Inc. informed S & W that it had submitted the lowest bid and that the city council would meet that evening to confirm the bid and award the contract to S & W. Plaintiff further alleges that at this meeting defendant Hughes represented to the council a lack of confidence in plaintiff's ability to perform the contract, prompting the City of Homerville, by and through its officials, to award the contract to the second lowest bidder, defendant Douglas.

Though the issue before this court is the narrow one of the appropriate measure of damages, the parties have argued that as a preliminary matter the court should determine the applicable law. Plaintiff contends that the application of Georgia law would expand the type of damages awardable. Plaintiff submits that Georgia courts have found a frustrated bidder to have an adequate remedy at law, *i.e.*, money damages. *See Mark Smith Construction Co., Inc. v. Fulton County*, 248 Ga. 694, 285 S.E.2d 692 (1982); *Hilton Construction Co. v. Rockdale County Board of Education*, 245 Ga. 533, 266 S.E.2d 157 (1980). Plaintiff distinguishes this characterization of the remedy as "adequate" from the charac-

terization of the remedy as "inadequate" that has been announced by the federal courts in other frustrated bidder cases. *See e.g. Management Science America, Inc. v. Pierce*, 598 F.Supp. 223, 227 (N.D. Ga.1984) (damages limited to bid preparation costs are inadequate within the meaning of the Administrative Procedure Act). Based upon these conflicting characterizations, plaintiff contends that in Georgia damages other than bid preparation costs are recoverable, and plaintiff suggests that both lost profits and litigation expenses are available as damages. *Compare Owen of Georgia, Inc. v. Shelby County*, 648 F.2d 1084 (6th Cir.1984) (applying Tennessee law, the Sixth Circuit determined that under a theory of promissory estoppel the plaintiff should recover all expenses incurred in reliance on the representation that the lowest responsible bidder would be awarded the contract, such expenses including bid preparation costs and litigation expenses).

Defendants counter that federal law is applicable and that federal law limits the damages recoverable to bid preparation costs. *See Keco Industries, Inc. v. United States*, 192 Ct.Cl. 773, 428 F.2d 1233 (1970); *Excavation Construction, Inc. v. United States*, 204 Ct.Cl. 299, 494 F.2d 1289 (1974); *Management Science America, Inc.*, *supra*. Defendants argue in the alternative that even if Georgia law is applied, the proper measure of damages thereunder is limited to bid preparation costs. Though Georgia, like Tennessee, recognizes the doctrine of promissory estoppel, defendants point out that absent contractual or statutory authorization the expenses of litigation are generally not recoverable in Georgia as a part of damages. *See Spivey v. Rogers*, 173 Ga.App. 233, 326 S.E.2d 227 (1984). *See also* O.C.G.A. § 13–6–11, which establishes three situations wherein the recovery of the expenses of litigation might be allowed.

■ A claimant allegedly victimized by the arbitrary actions of federal agencies may seek relief in the federal forum pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Administrative Proce-

dure Act ("APA"), 5 U.S.C. § 702. *See Management Science America, Inc.*, 598 F.Supp. at 227; *Scanwell Laboratories, Inc. v. Schaffer*, 424 F.2d 859 (D.C.Cir. 1970). In such actions, damages are indeed limited to bid preparation costs. The courts have reasoned that "it would be improper ... to award [claimant] lost profits since the contract under which [claimant] would have made such profits never actually came into existence." *Keco Industries, Inc.*, 428 F.2d at 1240. *See Management Science America, Inc.*, 598 F.2d at 227 (frustrated bidder cannot recover damages beyond bid preparation costs because no contract exists upon which to calculate damages). "[T]he frustrated bidder's dispute is not essentially contractual, but statutory." *Management Science America, Inc.*, 598 F.Supp. at 227.

In solitary contrast to the cases brought by a frustrated bidder directly against agencies of the United States, in which bid preparation costs represented the sole recoverable damages, stands *Owen of Georgia, Inc., supra.* While finding that the absence of an underlying contract precluded recovery for lost profits, the Sixth Circuit held that the frustrated bidder could recover "in promissory estoppel those damages it sustained by reason of its justifiable reliance upon the County's promise" to award the contract to the lowest responsible bidder. *Owen of Georgia, Inc.*, 648 F.2d at 1096. In *Owen of Georgia, Inc.*, the Sixth Circuit considered the responsibilities of officials of Shelby County, Tennessee, pursuant to a specific state statute, the Shelby County Restructure Act. Neither federal question jurisdiction nor review under the APA was available. Thus, the court applied the doctrine of promissory estoppel and found that Shelby County's "promise" and the contractor's bid in reliance thereon created a "type of informal contract." *Id.* at 1095.

■ In this case, neither local officials' conformance with a state statute nor federal officials' conformance with federal regu-

lations is at issue. Here, plaintiff's cause of action arises out of its allegations that the City of Homerville, its officials, and certain other named entities and individuals have failed to apply properly the procurement standards provided to the bidders. These standards are published as Attachment O to Federal OMB Circular No. A-102 ("Attachment O").[1] This attachment requires that "[a]wards shall be made only to responsible contractors that possess the potential ability to perform successfully under the terms and conditions of a proposed procurement." Attachment O at § 10(b)(2). "Any or all bids may be rejected when there are sound documented business reasons in the best interests of the program." *Id.* at § 11(b)(2)(e).

Because the City of Homerville both adopted and represented as applicable the standards outlined in Attachment O, this court determines that any breach of these standards and any damages arising therefrom must be decided pursuant to state law. Such a determination, however, does not result in the adoption of plaintiff's proposed measure of damages. The applicability of Georgia law does not change the fact that no contract exists upon which to calculate lost profits. The courts unanimously agree that the absence of a contract precludes the recovery of lost profits in frustrated bidder disputes. *See e.g. Owen of Georgia, Inc.*, 648 F.2d at 1094; *Keco Industries, Inc.*, 428 F.2d at 1240. This court holds likewise.

■ Whether under a theory of promissory estoppel or under some other theory, this court determines that Georgia law would allow for the recovery of plaintiff's bid preparation costs. Those costs directly result from the alleged breach of the procurement standards. However, this court determines that the expenses of litigation are not recoverable in frustrated bidder cases as an element of damages. Whatever the Georgia Supreme Court might have intended when it stated that frustrated bidders have "an adequate remedy at law

1. The parties have agreed that Attachment O governs the procurement process in this case. In essence, the City of Homerville has adopted

for the purposes of the water systems project the standards enunciated in Attachment O.

(money damages)," [2] this court determines that such language does not override the express language of O.C.G.A. § 13–6–11, which provides that "[t]he expenses of litigation shall not be allowed as a part of damages...." That section provides for the recovery of the expenses of litigation only if plaintiff can establish bad faith, stubborn litigiousness, or unnecessary trouble or expense. *Id.; see Spivey v. Rogers,* 173 Ga.App. 233, 326 S.E.2d 227 (1984) (attorney fees recoverable only where authorized by statute or by contract).

Unlike the Sixth Circuit's interpretation of Tennessee law in *Owen of Georgia, Inc.,* this court determines that in Georgia the expenses of litigation are not an inherent part of the damages incurred by a frustrated bidder. Such expenses may be recovered only if authorized by contract or by statute. Since no contract exists in this case, plaintiff S & W may recover the expenses of litigation only by establishing one or more of the three situations defined in O.C.G.A. § 13–6–11, a showing which has yet to be made in this case.

In accordance with the above discussion, this court finds bid preparation costs to be the appropriate measure of damages in a frustrated bidder case.

**2.** *See Mark Smith Construction Co., Inc.,* 248 Ga. at 695, 285 S.E.2d at 693.