S93A1566. CREDLE et al. v. EAST BAY HOLDING COMPANY, INC. et al.
S93A1568. EDWARDS et al. v. EAST BAY HOLDING COMPANY, INC. et al.
S93X1570. CITY OF BRUNSWICK et al. v. EDWARDS et al.
(440 SE2d 20)

SEARS-COLLINS, Justice.

Having reviewed the record in these appeals, we conclude the trial court properly granted summary judgment to the City of Brunswick and East Bay Holding Company on the issues whether the City followed the appropriate criteria and acted without fraud in determining that the lease in question should be awarded to East Bay Holding Company. See OCGA § 36-30-2. This conclusion also requires that we reverse the trial court's ruling that the Edwardses and the Credles, the losing bidders, could recover bid preparation costs if they could show they reasonably believed that the bid would be awarded based solely on the rental amount stated in their bids. In this regard, the ruling that the City followed appropriate criteria in awarding the lease precludes the City from being liable based on what factor the bidders believed would be the controlling factor.

Moreover, we conclude that the trial court properly denied summary judgment to the City on the issue whether East Bay Holding Company's bid was timely filed, but erred by ruling that, if the Ed-

wardses and the Credles prevailed on this issue, their remedy would be limited as a matter of law to the damages representing their bid preparation costs. The trial court concluded that *City of Atlanta v. J. A. Jones Constr. Co.*, 260 Ga. 658 (1) (398 SE2d 369) (1990), precluded either injunctive relief or attorney fees[1] in frustrated bidder cases, both of which remedies were sought by the Credles and the Edwardses. *Jones*, however, does not stand for that proposition. In *Jones* the plaintiffs sought lost profits in their damages claim under state law. Id. at 658. The jury awarded lost profits, and the Court of Appeals affirmed the award. We granted certiorari to consider whether lost profits or bid preparation costs was the appropriate measure of damages. We held that of these two measures of damages the recovery of bid preparation costs represented the better alternative. Id. at 658-659. The question whether injunctive relief or attorney fees were available in frustrated bidder cases was never at issue in *Jones*. *Jones*, then, is not in conflict with the cases in which we have held that, under appropriate circumstances, equitable relief may be awarded to frustrated bidders. See *Amdahl Corp. v. Dept. of Admin. Svcs.*, 260 Ga. 690, 697 (3) (398 SE2d 540) (1990); *Hilton Constr. Co. v. Bd. of Education*, 245 Ga. 533, 538-540 (266 SE2d 157) (1980); *Glynn County v. Teal*, 256 Ga. 174, 175-176 (345 SE2d 347) (1986). Further, the very case that we relied on in *Jones* to rule that bid preparation costs were the appropriate remedy, see *S & W Mechanical Co. v. City of Homerville*, 682 FSupp. 546 (M.D. Ga. 1988), also ruled, and we think correctly so, that attorney fees could be recovered, not as "an inherent part of the damages incurred by a frustrated bidder," id. at 549, but by establishing the requirements of the particular statute that authorizes attorney fees, id. For these reasons, the trial court erred by ruling that *Jones* precluded injunctive relief and an award of attorney fees.[2]

We find no merit to the remaining issues raised by the appeals and cross-appeals, and for the above reasons, we affirm the trial court's judgment in part and reverse in part.

*Judgment affirmed in part and reversed in part in Case Nos. S93A1566, S93A1568, S93X1570. All the Justices concur.*

---

[1] The Credles and the Edwardses contend the trial court erroneously ruled that *Jones* precluded them from recovering attorney fees under OCGA § 13-6-11 or OCGA § 9-15-14. Although we cannot discern conclusively whether the trial court so ruled, we will treat the issue as if the trial court did so rule, as it is raised by the parties and as a resolution of the issue now will forestall any later disputes regarding it.

[2] The Credles and the Edwardses may not, however, use equity to have the contract awarded to one of them, as the City has discretion regarding the bidder that should be awarded the bid and was not required to award the bid to the bidder stating the highest rental amount. Compare *Hilton*, supra, 245 Ga. at 538-540, in which the school board was required to award the bid to the lowest responsible bidder, and we held that the lowest bidder, Hilton Construction Company, was entitled to seek to have the bid awarded to itself.

DECIDED FEBRUARY 21, 1994 —
RECONSIDERATION DENIED MARCH 11, 1994.

*Manely & Silvo, Michael E. Manely, Lorraine R. Silvo,* for Credle.

*John N. Crudup,* for Edwards.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland,* for City of Brunswick.

*Anthony L. Harrison,* for East Bay Holding Company.